NOT FOR PUBLICATION                                                                    CLOSE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA JOSÉ CARRASCOSA, | |
| Plaintiff, | Civil Action No.: 07-5019 (PGS) |
| v. | |
| UNITED STATES OF AMERICA, FED. COURT DISTRICT OF NEW JERSEY. | **MEMORANDUM AND ORDER** |
| Defendant. | |

**SHERIDAN, U.S.D.J.**

This matter is before the Court on a motion to dismiss by Defendant, the United States of America. Maria José Carrascosa ("Ms. Carrascosa," "Plaintiff," or "Petitioner"), an inmate currently at the Edna Mahan Correctional Facility for Women in Clinton, New Jersey, has filed a petition for a writ of habeas corpus. This Court dismisses the instant petition for lack of subject matter jurisdiction for the following reasons.

The facts have been set forth in painstaking detail in several prior opinions by the courts of New Jersey and the United States. *See Carrascosa v. McGuire*, 2007 WL 496459 (D. N.J. Feb. 08, 2007), *aff'd*, 520 F.3d 249 (3d Cir. 2008); *Innes v. Carrascosa*, 918 A.2d 686 (N.J. Super. Ct. App. Div. 2007). Therefore, only the procedural history will briefly follow. Because this Court does not have jurisdiction, this Court does not need to address the merits of Ms. Carrascosa's petition for a writ of habeas corpus.

In January 2007, Ms. Carrascosa filed her first petition for a writ of habeas corpus with the District of New Jersey. On February 8, 2007, the district court denied her petition. In a comprehensive ruling, the district court upheld the underlying state court decision.

1

On February 23, 2007, Ms. Carrascosa filed a motion for reconsideration, which was followed by a notice of appeal on March 12, 2007. On May 15, 2007, the district court denied her motion for reconsideration, and Ms. Carrascosa's notice of appeal became effective on that same date. On October 23, 2007, Ms. Carrascosa filed an amended notice of appeal, which sought review of the district court's ruling on Ms. Carrascosa's motion for reconsideration. Moreover, on April 3, 2007, the Appellate Division of New Jersey Superior Court affirmed the lower trial court's orders. The New Jersey Supreme Court denied Ms. Carrascosa's petition for certification without opinion on June 21, 2007.

On March 20, 2008, the Third Circuit affirmed the district court's denial of Ms. Carrascosa's first petition for a writ of habeas corpus. Now, in her petition before this Court, Ms. Carrascosa raises the same arguments and issues addressed in her first petition for habeas relief to this Court. Additionally, Ms. Carrascosa claims that she is entitled to relief of the state superior court's orders pursuant to Rule 60(b)(3) and Rule 60(b)(4). For the reasons stated below, Rule 60 of the Federal Rules of Civil Procedure does not apply, and Ms. Carrascosa may not file a second petition for habeas relief.

Moreover, Ms. Carrascosa's petition fails because she has brought suit against the United States.[1] It is well settled that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Here, the United States has not waived sovereign immunity.

I.

A state prisoner must rely on 28 U.S.C. § 2254 when challenging the validity or execution

---

[1] The Defendant is named as "United States of America, Fed. Court District of New Jersey."

of his/her state court sentence. *See Washington v. Sobina*, 509 F.3d 613, 618 n. 5 (3d Cir. 2007).

> "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a state court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' § 2244(b)(3)(A)."

*Burton v. Stewart*, 549 U.S. 147, 153 (2007). First, this Court must determine whether Ms. Carrascosa's complaint is a petition for a writ of habeas corpus. After making this determination, the court must determine whether Ms. Carrascosa's complaint is a "second or successive petition for habeas corpus[,]"as that term is used in 28 U.S.C. § 2244. If the complaint is a habeas application, then this Court must dismiss for lack of subject matter jurisdiction because Petitioner has not sought authorization from the Third Circuit for this Court to entertain the instant application. *See Benchoff v. Colleran*, 404 F.3d 812, 815-16 (3d Cir. 2005).

Regardless of how it is captioned, a pleading is considered an application for a writ of habeas corpus if it relies on a federal basis for relief from a state court's judgment of conviction. "[A]n 'application' for habeas relief is a filing that contains one or more 'claims'." *Magwood v. Patterson*, 130 S. Ct. 2788, 2798 (2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez,* 545 U.S. at 530. A petitioner makes such a claim when they want to present "a claim of constitutional error" that they omitted in a previous petition, when they want to present "newly discovered evidence[,]" or when they allege that a "subsequent change in substantive law" justifies relief. *Id*. at 530-31 (internal quotations and citations omitted). A Rule 60(b) motion advances a claim if it "seeks to add a new ground for relief . . . [or] if it attacks the federal court's previous resolution of a claim *on the merits*." *Id*. at 532 (emphasis in original). A pleading that contains one

3

or more such "claims[,]" although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *Id.* at 530-31. A Rule 60(b) motion is not to be treated as a habeas corpus application if it does not substantively address federal grounds for setting aside the movant's state court conviction. *Id.* at 532. Thus, a motion attacking a prior federal habeas proceeding for a defect in its integrity is not to be treated as a habeas corpus application. *Ibid.* The integrity of such a proceeding is challenged when a petitioner alleges fraud on the federal habeas court. *Id.* at n. 5. A motion under Rule 60(b) can also be used to vacate a judgement "that is void for lack of subject-matter jurisdiction - a consideration just as valid in habeas cases as in any other . . . ." *Id.* at 534.

None of these exceptions apply here. Plaintiff's application is a renewed attack on the jurisdiction of the New Jersey Superior Court to adjudicate the matter, which was the exact issue previously handled by this Court. In its February 2007 denial of Petitioner's application, this Court determined that the New Jersey Superior Court did, in fact, have jurisdiction to adjudicate this case.

Three requirements are imposed by 28 U.S.C. § 2244(b) with regard to second or successive habeas petitions. "First, any claim that has already been adjudicated in a previous petition must be dismissed . . . Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez*, 545 U.S. at 530-31 (emphasis in original). Third, the circuit court must authorize the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Thus, under the statute, when a district court is presented with a claim in a "second or successive habeas corpus application[,]" it must first determine whether the claim was also "presented in a prior application." *See Gonzalez*, 545 U.S. at 530 (internal quotations omitted). "If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow

4

exceptions." *Ibid.*

The United States Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147 (2007) is instructive. The petitioner in *Burton* filed a petition for a writ of habeas corpus in 1998, challenging the constitutionality of his convictions entered earlier that year by a state trial court pursuant to an amended judgment and sentence. *Id.* at 151. The district court denied the petitioner's request for relief, and the Ninth Circuit affirmed the district court's decision. *Ibid.* In 2002, the petitioner filed another petition, challenging the constitutionality of his sentence. *Id.* at 151-52. Again, the district court denied the petitioner's request for relief, and the Ninth Circuit affirmed the district court's denial of relief. *Id.* at 152. The Supreme Court concluded that the district court was without jurisdiction to entertain the 2002 petition because the petitioner twice brought claims contesting the same custody imposed by the same judgment of a state court, and failed to obtain authorization from the circuit court before filing this second challenge. *Id.* at 153.

Ms. Carrascosa's pleading here is a second petition for a writ of habeas corpus. At the time of the filing of the instant pleading in October 2007, she was incarcerated for having violated state court orders that were entered in August 2006. In seeking relief, she now relies on several federal grounds, including Rule 60(b), as well as the due process and the full faith and credit clauses of the United States Constitution. This Court has already denied a previous petition by Ms. Carrascosa, however, and the Third Circuit has affirmed this decision. Similar to the actions of the petitioner in *Burton*, Ms. Carrascosa seeks to use a habeas corpus application to attack, for the second time, the same custody imposed by the same judgment of a state court without authorization from the circuit court.[2]

---

[2] For the first time, Petitioner alleges ineffective assistance of counsel. However, Petitioner has not demonstrated why this fits within the two narrow exceptions that protect new claims in a second or successive application from dismissal: that the claim relies on a new rule of constitutional

These issues have been raised and comprehensively addressed by this Court, the Third Circuit, and the Appellate Division of New Jersey Superior Court. *See McGuire*, 2007 WL 496459; *Innes*, 918 A.2d 686. Because Ms. Carrascosa is precluded from arguing the same issues again, this Court lacks subject matter jurisdiction to entertain the instant motion. *See*, *e.g.*, *Burton*, 549 U.S. 147; *Benchoff*, 404 F.3d 812. Additionally, the Court lacks subject matter jurisdiction because Plaintiff has filed suit against the United States, which is immune from suit. Thus, this Court dismisses Plaintiff's complaint with prejudice for lack of subject matter jurisdiction.

IT IS on this 19th day of October 2010,

ORDERED that Defendant, United States of America's motion to dismiss is granted and Plaintiff's petition is dismissed with prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

law previously unavailable, or that the facts underlying the claim could not have been discovered previously through due diligence and the facts establish that no reasonable fact finder would have found her guilty of the underlying offense. Therefore, this claim must be dismissed.